**ANTHONY H. MASON**
Chapter 7 Trustee
PO Box 27028
Tempe, Arizona 85285-7028
(602) 808-7770

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ELIOT CHRISTOPHER TOMASZEWSKI<br>LORI LYNN SHOCKLEY<br><br>              Debtors.<br>_____<br><br>ANTHONY H. MASON, Trustee,<br><br>              Plaintiff,<br>   vs.<br><br>KATHLEEN STRATTON,<br><br>              Defendant.<br>_____ | Chapter 7<br><br>Case No. 2:18-bk-06067-DPC<br><br><br><br><br>Adv. No. 2:19-ap-_____-DPC<br><br>**COMPLAINT TO AVOID A PREFERENTIAL TRANSFER OF PROPERTY (11 U.S.C. § 547)** |

As and for his complaint to recover transfer, Plaintiff, Anthony H. Mason, Chapter 7 Trustee ("Trustee" or "Plaintiff"), states and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. The Plaintiff is the duly appointed and acting Chapter 7 Trustee in this bankruptcy case.

2. Upon information and belief, Kathleen Stratton ("Defendant") is a resident of the state of Arizona.

3. Upon information and belief, Defendant is a married woman. To the extent Defendant is married, all of the Defendant's acts complained of herein were taken on behalf of the Defendant's marital community, and the Defendant's marital community is liable to Plaintiff for any amount awarded pursuant to this complaint.

4. The present identity of Defendant's spouse is unknown; Plaintiff will seek leave to amend this Complaint upon learning the identity, if any, of Defendant's spouse.

5. Upon information and belief Defendant is a creditor of the Debtors.

6. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 544, 547 and 550 and Bankruptcy Rules 7001, *et seq.*

7. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F) and (O).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## FACTUAL ALLEGATIONS

9. On May 29, 2018, Debtors filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code.

10. Anthony H. Mason is the duly appointed and acting Chapter 7 Trustee in this proceeding.

11. The Statement of Financial Affairs filed by Debtors under penalty of perjury indicates that, prior to the petition date, between March 9, 2018 and May 29, 2018, Plaintiff effected garnishments of the Debtors' earnings totaling at least $3,577.93 ("Garnishment").

## COUNT ONE

## PREFERENTIAL TRANSFER

12. The Plaintiff re-alleges all preceding paragraphs.

13. Upon information and belief, the Garnishment was made for or on account of an antecedent debt owed by the Debtors.

14. Upon information and belief, the Debtors were insolvent at the time of the Garnishment.

15. Upon information and belief, the Garnishment was made in disproportionate amount to Defendant within the ninety day period preceding the filing of Debtors' petition for bankruptcy.

16. The Garnishment has enabled the Defendant to receive a greater return on her claim than she would otherwise receive in this Chapter 7 case.

17. Pursuant to 11 U.S.C. §§ 547(b) and 550, the Trustee may avoid and recover the Garnishment from Defendant.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendant, individually and against the marital community as follows:

a. Avoiding the Garnishment;

b. Directing Defendant to return the Garnishment to the Trustee for the benefit of the Debtors' bankruptcy estate;

c. In the amount of $3,577.93, the value of the Garnishment;

d. Awarding Plaintiff's reasonable costs incurred herein, which shall not exceed $350.00, if a default judgment is entered; and

e. For such other and further relief as this Court deems just and proper under the circumstances of this case.

DATED this 23rd day of December 2019.

/s/ Anthony H. Mason
Anthony H. Mason, Trustee